WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph E James, Jr., | No. CV-23-02464-PHX-JAT |
| Appellant, | **ORDER** |
| v. | |
| Russell Brown, | |
| Appellee. | |

On December 6, 2023, the Court issued the following Order:

> An appeal from a bankruptcy case has been filed with this Court. In this appeal, at Doc. 1, page 4, the Bankruptcy Court issued a notice that includes the following: "When the statement of issues, designation of record and any designated transcripts are filed with the Bankruptcy Court, the Bankruptcy Court Clerk will transmit to the District Court a certificate that the record is complete." To date, the certificate that the record is complete has not been received.
>
> As the Appellant, it is Mr. James' obligation to prosecute this case. *See* LRBankr 8020-1. Accordingly,
>
> **IT IS ORDERED** that within 30 days of the date of this Order, Mr. James shall either have caused the Clerk of the Bankruptcy Court to have issued the certificate that the record is complete, or shall file a status report.

(Doc. 5).

As of today, the Court has not received the certificate that the record is complete from the Bankruptcy Court, nor has Mr. James filed the required status report.

This Court may dismiss a case for failure to prosecute or failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b); *See* LRBankr 8020-1. In determining whether to dismiss a case for lack of prosecution or failure to follow a Court order, the district court

is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the public interest and the Court's need to manage its docket both favor dismissal when an appellant seemingly has abandoned the appeal. The risk of prejudice to appellee in the form of further delay in resolving the bankruptcy matter favors dismissal. The public policy favoring decisions on the merits is neutral because the Bankruptcy Court decided the merits of this issue, so only the right of appeal is impacted. Less drastic measures have already been employed including the Bankruptcy Court telling Appellant he must obtain a certificate that the record is complete, this Court telling Appellant the same, and this Court warning Appellant that he has a duty to prosecute the case. Accordingly, no factor weighs against dismissal of this appeal.

Therefore,

**IT IS ORDERED** that this appeal is dismissed. The Clerk of the Court shall enter judgment pursuant to Federal Rule of Bankruptcy Procedure 8024(a).

Dated this 12th day of January, 2024.

_____
James A. Teilborg
Senior United States District Judge